UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6214-GW(SSx) | Date | January 23, 2012 |
|---|---|---|---|
| Title | *Christopher Rice v. U.S. Bank National Association, et al.* | | |

Present: The Honorable   GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Pat Cuneo | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Vincent C. Granberry   David M. Liu

**PROCEEDINGS:**   DEFENDANTS U.S. BANK NATIONAL ASSOCIATION, GMAC MORTGAGE LLC AND EXECUTIVE TRUSTEE SERVICES, LLC'S MOTION TO DISMISS SECOND AMENDED COMPLAINT (filed 12/19/11)

The tentative circulated and attached hereto, is adopted as the Court's final ruling. Defendants' motion is **GRANTED IN PART AND DENIED IN PART.** Plaintiff Rice will have until February 6, 2012 to **manually** file the Third Amended Complaint.

: 03

Initials of Preparer   JG

***Rice v. U.S. Bank National Ass'n as Trustee for RAMP Series 2005-NC1 Trust, et al.***,
Case No. CV-11-06214, Tentative Ruling on Defendants' Motion to Dismiss Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)

**I. Background**

The Second Amended Complaint ("SAC") in this foreclosure-related case - brought by plaintiff Christopher Rice ("Plaintiff") against defendants U.S. Bank National Association as Trustee for RAMP Series 2005-NC1 Trust ("U.S. Bank"), GMAC Mortgage, LLC ("GMAC"), and Executive Trustee Services, LLC ("Executive") (collectively, "Defendants") - asserts nine claims for relief: 1) Declaratory Relief; 2) Negligence; 3) Quasi Contract; 4) Violation of 15 U.S.C. § 1692e; 5) Violation of 15 U.S.C. § 1641(g); 6) Violation of California Business and Professions Code §§ 17200, *et seq.*; 7) Accounting; 8) Breach of Contract; and 9) Breach of the Implied Covenant of Good Faith and Fair Dealing.

Plaintiff executed a promissory note ("Note") on September 1, 2005, in favor of J & R Lending in the amount of $380,000.00, secured by a deed of trust ("Deed of Trust") for the finance of real property located at 6456 Katherine Road, Simi Valley, California 93063. SAC ¶ 1. Plaintiff avers that Defendants have attempted but failed to properly transfer the Note and Deed of Trust to U.S. Bank, and therefore, Defendants have no right to collect payments under the loan. *Id.*

Plaintiff first avers that U.S. Bank never acquired a proper interest in his home loan because J & R Lending sold his loan to unidentified entities who failed properly to securitize it so that it would become part of the RAMP Series 2005-NC1 Trust ("RAMP Trust"). *Id.* ¶ 17. He asserts that these unidentified entities failed to adhere to the requirements of a related trust agreement called a Pooling and Services Agreement ("PSA") which, among other things, required Plaintiff's home loan to be assigned to the RAMP Trust by December 28, 2005, which purportedly never happened. *Id.* ¶¶ 17, 20-22. Thus, because his "Note was not securitized[,]" Plaintiff alleges "that the RAMP Trust has no legal, equitable, or monetary interest in his [Note] such that it can demand payment from him," and that U.S. Bank, as the alleged trustee of the RAMP Trust also cannot demand payment from Plaintiff. *Id.* ¶¶ 21-22; *see also id.* ¶ 22 ("The lack of evidence of actual transfers of Plaintiff's Note and Deed of Trust to the RAMP Trust demonstrates that his Note and Deed of Trust were not securitized, or transferred into the RAMP Trust. Thus, U.S. Bank's attempt to acquire an interest in Plaintiff's Loan . . ." is improper.)

Plaintiff goes on to aver that in September 2009 he entered into loan modification negotiations with Defendants after experiencing unforeseen financial hardship. *Id.* ¶ 23. These loan modification efforts, spearheaded by GMAC, purportedly lead to Plaintiff having to pay higher monthly payments on his loan. *Id.* ¶¶ 25-29.

Plaintiff then alleges that Defendants, in a scheme to cover up the fact that the loan was never properly transferred to them because of the failed securitization, fabricated two assignments of the Deed of Trust. *Id.* ¶ 31. That is, two assignments were executed - one on May 17, 2007 and another on July 28, 2011 - in which the then beneficiary under the Deed of Trust, New Century, purportedly assigned all of its interest under the Deed of Trust to U.S. Bank. *Id.* ¶ 31. However, Plaintiff avers that the individuals who signed the assignments - Alfred

Vandermade and Natasha Upson - did not actually work for New Century. Thus, the assignments were fabrications. *Id.* ¶¶ 32-33. In addition, on March 4, 2009, a fabricated substitution of trustee was allegedly executed by a Joyce Petty on behalf of U.S. Bank, even though Ms. Petty does not actually work for U.S. Bank, purporting to substitute in Executive as the new trustee. *Id.* ¶ 34.

Next, in April 2011, Plaintiff apparently submitted a Qualified Written Request ("QWR") under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e), to GMAC seeking information on his loan, but he asserts that GMAC failed to provide him a true and correct copy of his loan, which he states supports his allegations that the loan was never properly transferred to U.S. Bank. *Id.* ¶¶ 35-36. "Plaintiff does not dispute that he owes money on his mortgage obligation." *Id.* ¶ 37. Instead, he "disputes the amount owed and seeks the Court's assistance in determining who the true creditor is of his Note and Deed of Trust." *Id.* He claims that his credit and credit score have been damaged, that title to his home has been slandered, clouded and rendered unmarketable, and that he is now subject to "double financial jeopardy" because he does not know who the true beneficiary under his Note and Deed of Trust is. *Id.* ¶¶ 40-42.

Defendants now move to dismiss the SAC as to all claims stated therein. The Court previously granted in part and denied in part these same Defendants' motion to dismiss Plaintiff's first amended complaint. Docket No. 20.

**II. Legal Standard**

Under Rule 12(b)(6), a court is to (1) construe the complaint in the light most favorable to the plaintiff, and (2) accept all well-pleaded factual allegations as true, as well as all reasonable inferences to be drawn from them. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001). Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007) (dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief).

However, the court need not accept as true "legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In other words, a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556). Thus, a plaintiff must also "plead 'enough facts to state a claim to relief that is plausible on its face.'" *Johnson*, 534 F.3d at 1122 (quoting *Twombly*, 550 U.S. at 570); *see also William O. Gilley Enters., Inc. v. Atlantic Richfield Co.*, 588 F.3d 659, 667 (9th Cir. 2009) (confirming that *Twombly* pleading requirements "apply in all civil cases"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

In its consideration of the motion, the court is limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially

noticeable and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir.), *cert. denied*, 512 U.S. 1219 (1994), *overruled on other grounds in Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see also Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (indicating that a court may consider a document "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion").

### III. Analysis
#### A. Request for Judicial Notice

Defendants again ask the Court to take judicial notice of the following documents in deciding the instant motion: 1) the September 1, 2005 Deed of Trust between Rice and J & R Lending in the amount of $380,000 secured by the property; 2) a September 9, 2005 Assignment of Deed of Trust for the property recorded on October 18, 2007, transferring interest in the Deed of Trust to New Century; 3) a May 17, 2007 Assignment of Deed of Trust for the property recorded on April 7, 2009, transferring interest in the Deed of Trust to U.S. Bank; 4) a March 3, 2009 Substitution of Trustee for the property recorded on March 4, 2009, making Executive the trustee under the Deed of Trust; 5) a Notice of Default and Election to Sell under Deed of Trust for the property dated March 3, 2009; 6) a May 13, 2009 Notice of Rescission of Notice of Default for the property; and 7) a May 1, 2009 Adjustable Rate Loan Modification Agreement between Rice and Homecoming Financial, LLC.

As stated in this Court's previous order dismissing in part the First Amended Complaint, to the extent necessary, the Court will take judicial notice of the existence of these publicly recorded documents. However, to the extent the factual contents of any of these documents are disputed, judicial notice of such disputed facts will be denied.

#### B. Declaratory Relief

Under 28 U.S.C. § 2201, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought." While the "object of the statute is to afford a new form of relief where needed and not to furnish a litigant with a second cause of action for the determination of identical issues [pleaded elsewhere]," the "Declaratory Judgment Act gives district courts discretion to exercise it jurisdiction over [such] a claim...." *Lai v. Quality Loan Serv. Corp.*, No. 10-2308, 2010 U.S. Dist. LEXIS 97121, at *7 (C.D. Cal. Aug. 26, 2010).

By the declaratory relief claim, Plaintiff avers that there is an actual controversy between the parties because he asserts that "U.S. bank does not have a secured or unsecured legal, equitable, or pecuniary interest in the lien evidenced by the Deed of Trust[,]" whereas Defendants claim to have such an interest via the May 17, 2007 assignment and duplicative July 28, 2011 assignment of the Deed of Trust. SAC ¶¶ 47-48. He contends he will be harmed if the Court does not issue declaratory relief because, *inter alia*, Plaintiff will be denied the opportunity to identify his true creditor and discover the true amount owing on his loan. *Id.* ¶ 51; *see also id.*

-3-

¶ 50 ("Plaintiff requests that the Court make a finding and issue appropriate orders stating that none of the named Defendants . . . have any right or interest in Plaintiff's Note, Deed of Trust, or the Property which authorizes them, in fact or as a matter of law, to collect Plaintiff's mortgage payments or enforce the terms of the Note or Deed of Trust in any manner whatsoever.").

In their motion, Defendants assert that there is no actual controversy between the parties warranting declaratory relief from the Court. In particular, they argue that: 1) declaratory relief is not an independent claim; 2) the alleged fabrications of the Deed of Trust assignments are not factually supported under Fed. R. Civ. P. 9(b); 3) Plaintiff admits he owes money on his loan; 4) it is undisputed that the Note and Deed of Trust can be assigned; 5) Plaintiff's securitization arguments have no merit; 6) the Substitution of Trustee was proper; and 7) Plaintiff must tender the full amount of the debt owed to the extent he asserts any controversy between the parties.

Based on the current allegations in the SAC and Defendants' advanced arguments, the Court would be inclined to agree that Plaintiff has not yet identified a "substantial controversy" between the parties having "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). To begin, Plaintiff alleges that his loan never became part of the RAMP Trust so that U.S. Bank could not have acquired an interest in the loan by virtue of its position as the trustee of the RAMP Trust. But, as Plaintiff's own allegations appear to admit, U.S. Bank does not seem to claim an interest in the loan due to its position as trustee to the RAMP Trust. Instead, based on Plaintiff's allegations, U.S. Bank claims an interest in his loan by virtue of the assignments from New Century purporting to make U.S. Bank the new beneficiary under the Deed of Trust. And Plaintiff has never alleged in this litigation that New Century was not the proper beneficiary under the Deed of Trust after J & R Lending, or that New Century would not have had the power to assign the Deed of Trust to U.S. Bank (*see, e.g.*, Opposition at 12, acknowledging that the Deed of Trust can be assigned), making U.S. Bank the new beneficiary *regardless of whether the loan was securitized*. Thus, the Court fails to see the relevance of Plaintiff's securitization allegations to the purported "controversy" between the parties.

Plaintiff also takes the position that U.S. Bank, *alternatively to the securitization avenue*, could not have obtained an interest in his loan through the assignment from New Century because those assignments were fabricated by individuals who did not work for New Century. And here is where Plaintiff's allegations fall apart, as the Court currently sees it. The Court would agree with Defendants that the fabrication allegations in the SAC sound in fraud as they impart the notion of individuals engaging in acts of deception to the detriment of the proper beneficiary, New Century, and Plaintiff. But allegations which sound in fraud are subject to Fed. R. Civ. P. 9(b)'s heightened pleading requirement. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003) (averments of fraud, not just fraud causes of action, subject to Rule 9(b)). Here, Plaintiff cursorily alleges in a paragraph in the SAC that the individuals that signed the assignments on behalf of New Century did not actually work for New Century, without any factual support for his belief as to that averment. SAC ¶ 33. That is, Plaintiff appears to be alleging that "upon information and belief," those individuals did not work for New Century. However, such averments in the fraud context require an accompanying "statement of facts on which the belief is founded" to support the allegations. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1042 (9th Cir. 2010). Plaintiff has not done that here.

Without some supporting facts alleging Plaintiff's basis for concluding that the assignments were executed by unauthorized individuals, the Court would find his allegations supporting a controversy as to U.S. Bank's right to collect payment under the loan deficient at this time.

In addition, the Court would also conclude that even if there was some error in the assignment process, the controversy identified by Plaintiff may not be of "sufficient immediacy and reality" to warrant this Court's exercise of its discretion to issue declaratory relief. In other words, Plaintiff does not dispute that he owes money on his loan, and it does not appear that this case is within the foreclosure posture. Instead, Plaintiff speculates, apparently without having been contacted by any entity purporting to be his "true" creditor, that he might be subject to "double financial jeopardy" at some point because some other entity could claim an entitlement to his mortgage payments. The likelihood that this event might happen soon, if ever, is wholly speculative, as is the likelihood that some unidentified entity would go after Plaintiff rather than U.S. Bank. Thus, this lack of immediacy might be another justification for dismissing this claim at this point. *Cf. Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1155 (2011) (homeowner cannot bring preemptive suit for declaratory relief challenging entity's authority to foreclose on property); *Robinson v. Countrywide Home Loans, Inc.*, 199 Cal. App. 4th 42, 46 (2011). And, the Court also notes that the allegations in this claim primarily implicate U.S. Bank, rather than GMAC and Executive, at a minimum making the claim deficient as to these later two defendants.

At the hearing, the Court would provide Plaintiff with an opportunity to make more clear why securitization, or the lack thereof as alleged in his SAC, is of any moment here and why the purported assignment fabrications would not be the only dispositive issue for determining if Defendants have an interest in his loan. Plaintiff's discussion of the import of securitization in his opposition papers is somewhat confusing and not supported by citation to any legal authority. On the papers, the Court would dismiss the declaratory relief claim, with leave to amend to provide Plaintiff with an opportunity to provide factual allegations supporting his claim consistent with this Court's identified concerns, assuming he can.

### C. Negligence
Plaintiff does not oppose Defendants' arguments that the negligence claim should be dismissed. Thus, the Court would dismiss this claim with prejudice.

### D. Quasi Contract
The elements of a quasi-contract action for unjust enrichment are the "receipt of a benefit and unjust retention of the benefit at the expense of another." *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000). "However, as a matter of law, a quasi-contract action for unjust enrichment does not lie where . . . express binding agreements exist and define the parties' rights." *Cal. Med. Ass'n Inc., v. Aetna U.S. Healthcare of California, Inc.*, 94 Cal. App. 4th 151, 172 (2001). Defendants argue that because Plaintiff's has failed to allege that his loan was not properly assigned to U.S. Bank, there necessarily is an express, binding contract by way of the Deed of Trust between the parties that defines their rights and obligations. Therefore, his claim for quasi-contract fails. The Court would agree that Plaintiff's claim for quasi-contract rises and falls with his claim for declaratory relief. Thus, the Court would dismiss this claim but provide

Without some supporting facts alleging Plaintiff's basis for concluding that the assignments were executed by unauthorized individuals, the Court would find his allegations supporting a controversy as to U.S. Bank's right to collect payment under the loan deficient at this time.

In addition, the Court would also conclude that even if there was some error in the assignment process, the controversy identified by Plaintiff may not be of "sufficient immediacy and reality" to warrant this Court's exercise of its discretion to issue declaratory relief. In other words, Plaintiff does not dispute that he owes money on his loan, and it does not appear that this case is within the foreclosure posture. Instead, Plaintiff speculates, apparently without having been contacted by any entity purporting to be his "true" creditor, that he might be subject to "double financial jeopardy" at some point because some other entity could claim an entitlement to his mortgage payments. The likelihood that this event might happen soon, if ever, is wholly speculative, as is the likelihood that some unidentified entity would go after Plaintiff rather than U.S. Bank. Thus, this lack of immediacy might be another justification for dismissing this claim at this point. *Cf. Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1155 (2011) (homeowner cannot bring preemptive suit for declaratory relief challenging entity's authority to foreclose on property); *Robinson v. Countrywide Home Loans, Inc.*, 199 Cal. App. 4th 42, 46 (2011). And, the Court also notes that the allegations in this claim primarily implicate U.S. Bank, rather than GMAC and Executive, at a minimum making the claim deficient as to these later two defendants.

At the hearing, the Court would provide Plaintiff with an opportunity to make more clear why securitization, or the lack thereof as alleged in his SAC, is of any moment here and why the purported assignment fabrications would not be the only dispositive issue for determining if Defendants have an interest in his loan. Plaintiff's discussion of the import of securitization in his opposition papers is somewhat confusing and not supported by citation to any legal authority. On the papers, the Court would dismiss the declaratory relief claim, with leave to amend to provide Plaintiff with an opportunity to provide factual allegations supporting his claim consistent with this Court's identified concerns, assuming he can.

### C. Negligence
Plaintiff does not oppose Defendants' arguments that the negligence claim should be dismissed. Thus, the Court would dismiss this claim with prejudice.

### D. Quasi Contract
The elements of a quasi-contract action for unjust enrichment are the "receipt of a benefit and unjust retention of the benefit at the expense of another." *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000). "However, as a matter of law, a quasi-contract action for unjust enrichment does not lie where . . . express binding agreements exist and define the parties' rights." *Cal. Med. Ass'n Inc., v. Aetna U.S. Healthcare of California, Inc.*, 94 Cal. App. 4th 151, 172 (2001). Defendants argue that because Plaintiff's has failed to allege that his loan was not properly assigned to U.S. Bank, there necessarily is an express, binding contract by way of the Deed of Trust between the parties that defines their rights and obligations. Therefore, his claim for quasi-contract fails. The Court would agree that Plaintiff's claim for quasi-contract rises and falls with his claim for declaratory relief. Thus, the Court would dismiss this claim but provide

Without some supporting facts alleging Plaintiff's basis for concluding that the assignments were executed by unauthorized individuals, the Court would find his allegations supporting a controversy as to U.S. Bank's right to collect payment under the loan deficient at this time.

In addition, the Court would also conclude that even if there was some error in the assignment process, the controversy identified by Plaintiff may not be of "sufficient immediacy and reality" to warrant this Court's exercise of its discretion to issue declaratory relief. In other words, Plaintiff does not dispute that he owes money on his loan, and it does not appear that this case is within the foreclosure posture. Instead, Plaintiff speculates, apparently without having been contacted by any entity purporting to be his "true" creditor, that he might be subject to "double financial jeopardy" at some point because some other entity could claim an entitlement to his mortgage payments. The likelihood that this event might happen soon, if ever, is wholly speculative, as is the likelihood that some unidentified entity would go after Plaintiff rather than U.S. Bank. Thus, this lack of immediacy might be another justification for dismissing this claim at this point. *Cf. Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1155 (2011) (homeowner cannot bring preemptive suit for declaratory relief challenging entity's authority to foreclose on property); *Robinson v. Countrywide Home Loans, Inc.*, 199 Cal. App. 4th 42, 46 (2011). And, the Court also notes that the allegations in this claim primarily implicate U.S. Bank, rather than GMAC and Executive, at a minimum making the claim deficient as to these later two defendants.

At the hearing, the Court would provide Plaintiff with an opportunity to make more clear why securitization, or the lack thereof as alleged in his SAC, is of any moment here and why the purported assignment fabrications would not be the only dispositive issue for determining if Defendants have an interest in his loan. Plaintiff's discussion of the import of securitization in his opposition papers is somewhat confusing and not supported by citation to any legal authority. On the papers, the Court would dismiss the declaratory relief claim, with leave to amend to provide Plaintiff with an opportunity to provide factual allegations supporting his claim consistent with this Court's identified concerns, assuming he can.

### C. Negligence
Plaintiff does not oppose Defendants' arguments that the negligence claim should be dismissed. Thus, the Court would dismiss this claim with prejudice.

### D. Quasi Contract
The elements of a quasi-contract action for unjust enrichment are the "receipt of a benefit and unjust retention of the benefit at the expense of another." *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000). "However, as a matter of law, a quasi-contract action for unjust enrichment does not lie where . . . express binding agreements exist and define the parties' rights." *Cal. Med. Ass'n Inc., v. Aetna U.S. Healthcare of California, Inc.*, 94 Cal. App. 4th 151, 172 (2001). Defendants argue that because Plaintiff's has failed to allege that his loan was not properly assigned to U.S. Bank, there necessarily is an express, binding contract by way of the Deed of Trust between the parties that defines their rights and obligations. Therefore, his claim for quasi-contract fails. The Court would agree that Plaintiff's claim for quasi-contract rises and falls with his claim for declaratory relief. Thus, the Court would dismiss this claim but provide

Plaintiff with leave to amend to the extent he can remedy the deficiencies as to his declaratory relief claim.

### E. Violation of 15 U.S.C. § 1692e

Under the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Plaintiff brings this claim against U.S. Bank for collecting on his loan when the loan was never properly assigned to it and for failing to properly credit loan payments made by Plaintiff, incorrectly calculating interest on the account, and failing to accurately debit fees. *See, e.g.*, SAC ¶¶ 68-70, 74. Defendants argue that this claim fails because U.S. Bank, in the alleged circumstances, does not meet the definition of a debt collector, and the claim is otherwise time-barred. In particular, Defendants assert that because Plaintiff has not sufficiently alleged that his loan was improperly assigned to U.S. Bank, his claim under the FDCPA also fails.

The Court agrees with Defendants' argument. That is, because Plaintiff has not yet sufficiently alleged that his loan was improperly assigned to U.S. Bank in May 2007, he likewise cannot show that Defendant U.S. Bank, who would be an assignee of the mortgagee, meets the definition of a debt collector under the act. *See, e.g., Diessner v. Mortg. Electronic Registration Sys., Inc.*, 618 F. Supp. 2d 1184, 1188 (D. Ariz. 2009) ("Mortgagees and their assignees, including mortgage servicing companies, are not debt collectors under the FDCPA . . ." when the loan is taken over before it was in default.). Plaintiff attempts to get over this hurdle by alleging in his FDCPA claim that U.S. Bank was collecting on his loan pursuant to its position as the trustee for the RAMP Trust. However, this factual averment is implausible and in contrast to the other factual averments by which Plaintiff asserts that U.S. Bank never acquired an interest in his loan due to its position as the RAMP Trust trustee. That is, as discussed with respect to the declaratory relief claim, both Plaintiff and Defendant U.S. Bank seem to agree that U.S. Bank's claimed interest in the loan is due to the assignment from New Century naming it the new beneficiary under the Deed of Trust, which Plaintiff has not adequately alleged was fabricated. Here, too, Plaintiff's reference to U.S. Bank's position also as the trustee for the RAMP Trust seems to be a red herring, which is not sufficiently tied in to Plaintiff's claim that U.S. Bank has wronged him. Thus, Plaintiff's averment only in the FDCPA claim that U.S. Bank was collecting payments under the loan in its position as the RAMP Trust trustee appears insufficient under *Twombly* and *Iqbal*'s plausibility standard. For that reason, the Court would dismiss this claim.

### F. Violation of 15 U.S.C. § 1641(g)

Under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(g), a new creditor is required to provide to the borrower within 30 days of the transfer of ownership of the borrower's loan written notice of the following information: "(A) the identity, address, telephone number of

the new creditor; (B) the date of transfer; (C) how to reach an agent or party having authority to act on behalf of the new creditor; (D) the location of the place where transfer of ownership of the debt is recorded; and (E) any other relevant information regarding the new creditor."

Plaintiff brings this claim against U.S. Bank only. He avers that he never received these required disclosures, that he has been damaged as a result and likewise is entitled to statutory damages, and that he could not have learned of the violation any sooner because Defendants fraudulently concealed that U.S. Bank was assigned the loan, and Plaintiff was never given notice that U.S. Bank was the new creditor through his dealings with GMAC. *See, e.g.*, SAC ¶¶ 90-94, 96-97.

Despite stating that this claim is "insufficiently pled," Defendants really only argue that it should be dismissed because it is time-barred. The Court disagrees. Plaintiff relies on equitable tolling for his claim, and Defendants provide only the most cursory argument contending that that doctrine is inapplicable here because Plaintiff must have known the assignment occurred in May 2007 considering he also asserts that such an assignment was fabricated. However, his assertions that the assignment was fabricated do not mean he would have known of the fabrication in 2007. And he also expressly alleges that GMAC never informed him that U.S. Bank was his actual creditor. Thus, at this stage and based on Defendants' limited argument, the Court would not find Plaintiff's claim time-barred. *See, e.g., Hensley v. United States*, 531 F.3d 1052, 1057-58 (9th Cir. 2008) (internal quotations and citation omitted) (describing circumstances allowing for equitable tolling); *King v. State of Cal.*, 784 F.2d 910, 915 (holding that equitable tolling can apply to a TILA claim); *Plascencia v. Lending 1st Mortg.*, 583 F. Supp. 2d 1090, 1097 (N.D. Cal. 2008) (because "the complaint [did] not foreclose the possibility that equitable tolling may apply to [plaintiffs'] TILA claim for damages[,]" dismissal inappropriate).

### G. Violation of California Business and Professions Code §§ 17200, *et seq.*

California's Unfair Competition Law ("UCL") prohibits any "unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Because the UCL is written in the disjunctive, a business act or practice can violate any or all of its three prongs. *Berryman v. Merit Prop. Mgmt.*, 152 Cal. App. 4th 1544, 1554 (2007).

Plaintiff brings this claim against U.S. Bank and GMAC, reasserting many of the other allegations found elsewhere in the SAC as also actionable under the UCL.

Defendants argue that this claim should be dismissed because Plaintiff has failed to allege any of his underlying claims for relief that can serve as a predicate to his UCL claim, he has not sufficiently alleged that the Deed of Trust was improperly assigned to U.S. Bank to support any injury resulting therefrom, and he impermissibly lumps U.S. Bank and GMAC together though a UCL claims cannot be based on vicarious liability and must be alleged with reasonable particularity.

First, because the Court would find that Plaintiff has stated a TILA claim against Defendant U.S. Bank, he likewise has stated a claim under the UCL's "unlawful" prong against U.S. Bank. Second, the Court would not now find that Plaintiff has impermissibly lumped Defendants together as he did in the FAC. He now differentiates between each defendant based on the relevant allegations in the SAC. But, the Court would still dismiss this claim as to GMAC. Plaintiff's allegations here as to GMAC either do not state the underlying wrongdoing

-7-

with reasonable particularity, *see, e.g., Fortaleza v. PNC Fin. Serv. Group, Inc.*, 642 F. Supp. 2d 1012, 1019 (N.D. Cal. 2009), or are premised on the insufficient allegations relating to the "fabricated" assignments. Thus, the Court would dismiss the claim as to GMAC.

### H. Accounting

"A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting." *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009).

Plaintiff's accounting claim is premised on his argument that Defendants never acquired an interest in his loan entitling them to receive his mortgage payments. However, the Court agrees with Defendants that because Plaintiff's fabrication allegations as to the assignment of the loan currently fail, so too does his accounting claim premised on those same allegations. That is, Plaintiff has not yet shown that Defendants were not entitled to collect on his loan. Thus, the Court would dismiss this claim, but with leave to amend.

### I. Breach of Contract

The elements of a breach of contract are: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom." *Wall St. Network, Ltd., v. New York Times Co.*, 164 Cal. App. 4th 1171, 1178 (2008) (internal quotations and citation omitted).

Plaintiff pleads, in the alternative, that if the Court finds U.S. Bank is the successor in interest to the Deed of Trust, U.S. Bank and/or GMAC breached the Deed of Trust by improperly crediting and debiting his loan account in violation of Section 2 of the Deed of Trust. *Id.* ¶¶ 135, 139-41.

Cal. Code Civ. Proc. § 337 sets a four year statute of limitations for a claim based on the breach of a written contract. Defendants argue that because it was initially assigned the Deed of Trust on May 17, 2007, and Plaintiff did not allege his breach of contract claim until he filed his SAC on November 17, 2011, his claims is necessarily time-barred. Defendants do not present any other argument that the breach of contract claim should be dismissed.

The granting of a motion to dismiss based on the running of the statute of limitations must be supported on the face of the complaint. *Cf. Plascencia*, 583 F. Supp. 2d at 1097. Under California law, "a cause of action based upon a breach of contract accrues at the time of the breach." *E.O.C. Ord., Inc. v. Kovakovich*, 200 Cal. App. 2d 1194, 1203 (1988). Here, Defendants point to no allegations in the SAC from which the Court should conclude that the *breach* occurred at the moment the loan was assigned to them. Any misapplication of loan funds - constituting the breach - necessarily would have occurred after the assignment. With the statute of limitations only expiring in somewhat recent months under Defendants' version of the facts, the Court would be hesitant to dismiss the breach of contract claim at this stage of the proceedings, even without taking into consideration Plaintiff's additional assertions that he could not have discovered the breach sooner. Because Defendants' argument as to the running of a contract statute of limitations is improperly based on the date by which U.S. Bank became a party to the Deed of Trust, rather than based on the date of any alleged breach, the Court would deny

the motion to dismiss the breach of contract claim against U.S. Bank and GMAC.

### J. Breach of the Implied Covenant of Good Faith and Fair Dealing

Every contract includes "an implied covenant of good faith and fair dealing . . . that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." *Kransco v. Am. Empire Surplus Lines Ins. Co.*, 23 Cal. 4th 390, 400 (2000) (internal quotations and citation omitted). That is, "the covenant is implied as a *supplement* to the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract." *McClain v. Octagon Plaza, LLC*, 159 Cal. App. 4th 784, 806 (2008) (emphasis in original).

As Defendants recognize, a claim for breach of the implied covenant can proceed on either a contract theory or a tort theory. *Krieger v. Nick Alexander Imports, Inc.*, 234 Cal. App. 3d 205, 221 (1991). Defendants argue that Plaintiff cannot proceed on a tort theory because he has not sufficiently alleged a special relationship between himself and Defendants U.S. Bank and GMAC. *Mitsui Mfrs. Bank v. Sup. Ct.*, 212 Cal. App. 3d, 730-31 (1989). Plaintiff provides no opposition to this argument, so the Court would agree that Plaintiff has not sufficiently alleged a basis to proceed with this claim on a tort theory. Moreover, though not expressly argued by Defendants, the Court notes that this claim duplicates the breach of contract claim in its allegations. For that reason as well, the Court would dismiss this claim without leave to amend, and need not reach Defendants' statute of limitations arguments. *Compare* SAC ¶¶ 134-44 *with* ¶¶ 145-54 and *see Careau & Co. v. Sec. P. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990) ("If the allegations [in support of an implied covenant claim] do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated.").

### IV. Conclusion

For the foregoing reasons, the Court would dismiss the first, third, fourth, and seventh claims with leave to amend. It would dismiss the second and ninth claims with prejudice. It would deny the motion to dismiss the fifth and eighth claims. And it would deny the motion to dismiss the sixth claim for relief against U.S. Bank, but grant the motion as to GMAC, though it would provide Plaintiff leave to amend this claim as to GMAC. Because the Court is providing leave to amend a second time, it would warn Plaintiff that, to the extent he still cannot remedy the deficiencies identified herein, his amended claims, if still deficient, would be subject to dismissal with prejudice.